**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-7533**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

versus

SEWN NEWTON,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   W. Earl Britt, Senior District Judge.  (CA-03-422-5-BR)

Submitted: April 9, 2004                Decided:  April 29, 2004

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, R. A. Renfer, Jr., Assistant United States Attorney, Michelle T. Fuseyamore, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sewn Newton appeals the district court's order finding that he is presently suffering from a mental disease or defect for which he is in need of custody for care and treatment in a suitable facility under 18 U.S.C. § 4245 (2000) and ordering him into the custody of the United States Attorney General for hospitalization and treatment. Newton's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserted that the district court clearly erred when it reached its finding. Newton has been informed of his right to file a pro se supplemental brief, but has not done so. We affirm.

Section 4245 provides for the hospitalization of an imprisoned person suffering from a mental disease or defect. The district court properly grants a § 4245 motion if the government proves by a preponderance of the evidence that the inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." United States v. Baker, 45 F.3d 837, 840 (4th Cir. 1995). The district court's determination of this issue is one of fact that we review under a clearly erroneous standard. See United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990). A finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that

a mistake has been committed." Faulconer v. Commissioner, 748 F.2d 890, 895 (4th Cir. 1984).

The district court relied on two independent written psychiatric evaluations of Newton as well as the live testimony of a psychiatrist at FCI-Butner. The unanimous expert conclusion was that Newton suffered from a mental disease or defect for which he required treatment in a suitable facility. Newton did not present any evidence to the contrary. We therefore conclude the district court did not clearly err when it found Newton needed to be placed in a suitable facility for care or treatment of his mental illness under § 4245. We also conclude Newton received all of the procedural protections to which he was entitled. See Vitek v. Jones, 445 U.S. 480, 494-96 (1980) (identifying minimum procedural safeguards for commitment under § 4245).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the decision of the district court. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

- 3 -

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED